

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00113-CR

**DAVID WAYNE KERR,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

---

**From the 77th District Court
Limestone County, Texas
Trial Court No. 12491-A**

---

### No. 10-15-00116-CR
### No. 10-15-00117-CR

**EDWARD DEAN STEWART,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

---

**From the 77th District Court
Limestone County, Texas
Trial Court Nos. 13281-A and 13574-A**

_____

## No. 10-15-00170-CR

**BEN MCALPINE,**

                                         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                         **Appellee**

_____

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 13012-A

---

## A B A T E M E N T   O R D E R

---

The reporter's record or a portion of the reporter's record is overdue in each of these four appeals. In the past, this Court has issued an order directly to a court reporter requiring that the record be filed within a specified time or the Court may issue a show cause order and/or a judgment of contempt. *See, e.g.*, *McElwee v. Joham*, 971 S.W.2d 198, 198 (Tex. App.—Waco 1998, order) (per curiam), *disp. on merits*, 15 S.W.3d 557 (Tex. App.—Waco 2000, no pet.). However, these cases involve special circumstances.

On May 5, 2015, the Judicial Branch Certification Commission suspended Helen C. Wooten's court reporter certification for the longer of: (a) a period of 12 months; or (b) until she completes all records currently assigned to her which have not been completed by the deadlines set by the courts. The order stated, "During the period of suspension, [Ms. Wooten] must not work on any records other than records of matters she reported

before [the] date of this order and shall cooperate with the court(s) to reassign other records."

At the time that the Commission Chair signed the order, Ms. Wooten was responsible for the reporter's record in No. 10-15-00113-CR, *David Wayne Kerr v. The State of Texas*, which was due on July 24, 2015, and the reporter's records in Nos. 10-15-00116-CR and 10-15-00117-CR, *Edward Dean Stewart v. The State of Texas*, which were due on July 21, 2015. Additionally, a notice of appeal was filed in the trial court in No. 10-15-00170-CR, *Ben McAlpine v. The State of Texas*, on May 14, 2015. The official court reporter informed the Court that Volume 2 of the reporter's record in *McAlpine* regarding a motion to suppress was to be submitted by Ms. Wooten. After the granting of one extension request, the reporter's record was due on July 30, 2015.[1] To date, Ms. Wooten has not filed the reporter's records in *Kerr* or *Stewart*. Neither has she filed her portion of the reporter's record in *McAlpine*.[2]

"The appellate court may enter any order necessary to ensure the timely filing of the appellate record." TEX. R. APP. P. 35.3(c). Therefore, we abate these appeals for a hearing in the trial court to determine a date certain within a reasonable period of time when the reporter's record will be filed in each appeal.[3]

---

[1] The official court reporter timely filed her portion of the reporter's record.

[2] As far as the Court is able to determine, these four reporter's records are the only reporter's records that Ms. Wooten is presently responsible for filing in this Court.

[3] All four appeals are from the 77th Judicial District Court.

The Court directs Ms. Wooten to appear at the hearing to provide testimony relevant to the above matters. The trial court shall: (1) conduct the hearing within twenty-one (21) days after the date of this Order; (2) prepare any necessary findings of fact and conclusions of law; and (3) sign a written order consistent with the requirements of this Order.

Within thirty-five (35) days after the date of this Order, the district clerk shall file with the Clerk of this Court a supplemental clerk's record containing a copy of (1) the trial court's findings of fact and conclusions of law and (2) the trial court's order. Within thirty-five (35) days after the date of this Order, the trial court's current official court reporter is ordered to prepare and file with the Clerk of this Court a supplemental reporter's record of the abatement hearing.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed April 28, 2016
Do not publish

